UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZERON LEWIS, | ) | 1:08-CV-00189 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER VACATING ORDER TO SHOW |
| | ) | CAUSE ISSUED ON JUNE 10, 2008 |
| v. | ) | [Doc. #14] |
| | ) | |
| | ) | ORDER GRANTING RESPONDENT |
| J. D. HARTLEY, Warden, | ) | EXTENSION OF TIME TO FILE ANSWER |
| | ) | |
| Respondent. | ) | ORDER GRANTING PETITIONER LEAVE |
| | ) | TO FILE TRAVERSE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 3, 2008, Respondent was directed to file a response to the petition. Respondent did not file a timely response as contemplated in the Court's order. Rather, Respondent filed a motion to stay the proceedings pending the Ninth Circuit's *en banc* review in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008). On June 10, 2008, this Court issued an Order directing Respondent to show cause why sanctions should not be imposed for failure to comply or otherwise seek leave for noncompliance with the Court's March 3, 2008, Order.

On June 24, 2008, Respondent filed a response to the Order to Show Cause. Respondent alleges that sanctions are not appropriate in this case because Respondent has not acted in bad faith.

1  Respondent states the stay request was made based on other courts having granted stays in similar
2  cases. Respondent also states he requested an extension of time in the event the stay was denied. In
3  light of this showing, the Order to Show Cause will be vacated.

4  Respondent further claims that all Ninth Circuit precedent concerning parole consideration in
5  California is in flux pending the *en banc* decision in Hayward. The Court is not persuaded. While it
6  is true that Hayward may not be relied on, the decisions in Biggs v. Terhune, 334 F.3d 910, 916 (9th
7  Cir.2003), Sass v. California Board of Prison Terms, 461 F.3d 1123 (9th Cir.2006), and Irons v.
8  Carey, 505 F.3d 846 (9th Cir.2007), have not been withdrawn and remain good law. As stated by the
9  Ninth Circuit in Yong v. Immigration and Naturalization Service, 208 F.3d 1116, 1119 n.2 (9th Cir.
10 2000), "once a federal circuit court issues a decision, the district courts within that circuit are bound
11 to follow it." For this reason, the Court disagrees that all Ninth Circuit precedent is in flux.

**ORDER**

Accordingly, the June 10, 2008, Order to Show Cause is HEREBY VACATED. Respondent's request for an extension of time to file an answer is GRANTED *nunc pro tunc* to June 25, 2008, the date Respondent in fact filed his answer. Petitioner is GRANTED thirty (30) days from the date of service of this order to file a traverse.

IT IS SO ORDERED.

Dated:   **July 1, 2008**           **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE